UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDY DAVID BORRERO VASQUEZ,

Petitioner,

v.

WARDEN et al.,

Respondents.

No.  1:26-cv-03485-DAD-CSK (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On May 6, 2026, petitioner Andy David Borrero Vasquez, A-File No. 245-631-343, proceeding *pro se*, filed a petition for writ of *habeas corpus* and a motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On the same day, the court issued an order directing respondents to file an opposition to that motion in which respondents would indicate whether this case is substantively distinguishable from the circumstances addressed in the court's prior cited orders.  (Doc. No. 4.)  In the same order, the court indicated that it would rule on the merits of the underlying petition if the court determined that petitioner was entitled to a temporary restraining order, and directed respondents to indicate whether respondents opposed the court taking such action.  (*Id.*)

On May 7, 2026, respondents filed an opposition, wherein they argue solely that petitioner's detention is lawful because petitioner is an "applicant for admission" subject to

1

mandatory detention pursuant to 8 U.S.C. § 1225(b) (Doc. No. 7 at 1–3), an argument that the undersigned has previously rejected on several occasions. *Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *1–3 (E.D. Cal. Feb. 12, 2026). Respondents have raised no objections to the court ruling on the merits of the underlying petition based upon the briefing currently before the court.

Petitioner is a native and citizen of Venezuela who entered the United States on or about December 19, 2023. (Doc. No. 1 at ¶¶ 1–2.) Based on the evidence offered in support of respondents' opposition, it appears that petitioner had an initial encounter with border patrol officials because the I-213 form indicates that petitioner's initial entry into this country was substantiated by a "Border Patrol Encounter" without further details being provided. (Doc. No. 7-1 at 2.) Further, petitioner alleges that he has valid work authorization in the United States through 2030. (Doc. No. 1 at ¶ 4.) On or about March 15, 2026, petitioner was transferred from local custody into immigration custody after he was arrested for damaging property, a misdemeanor violation of Utah state law. (Doc. No. 7-1 at 3.) That misdemeanor charge was ultimately dismissed without prejudice. (*Id.*) There is no indication that petitioner was provided with a pre-deprivation hearing prior to his detention by immigration authorities.

Having considered the circumstances surrounding petitioner's detention and the parties' arguments, the court finds applicable its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), in which the court concluded that previously releasing the petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C. § 1226(a). The court adopts its reasoning expressed in those cases and concludes that due process further requires the immediate release of petitioner.

For the reasons above,

    1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

       a.    Respondents are ORDERED to immediately release petitioner Andy David Borrero Vasquez, A-File No. 245-631-343, from respondents' custody;

       b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by the granting of the petition for writ of *habeas corpus*;

3. The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this order; and

4. The Clerk of the Court is directed to close this case and enter judgment in favor of petitioner.

IT IS SO ORDERED.

Dated:   **May 7, 2026**            _____
                                  DALE A. DROZD
                                  UNITED STATES DISTRICT JUDGE